**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                          )
THE ENDEAVOR GROUP, LLC          )
2001 K Street, N.W., Suite 206          )
Washington, D.C.  20006                    )
                                                          )
and                                                     )
                                                          )
ADAM R. WALDMAN                      )
5163 Tilden Street, N.W.                   )
Washington, D.C.  20016                  )
                                                          )
                    Plaintiffs,                    )
                                                          )
          v.                                             )          Case No.  1:06CV00628 (ESH)
                                                          )
TRAVEL GUARD GROUP, INC.     )
1145 Clark Street                               )
Stevens Point, Wisconsin  54481      )
                                                          )
and                                                     )
                                                          )
JOHN M. NOEL                              )
3209 Channel Drive                          )
Stevens Point, Wisconsin  54481      )
                                                          )
                    Defendants.                 )
_____)

**AGREED MOTION TO SEAL COMPLAINT**
**AND INCORPORATED POINTS AND AUTHORITIES IN SUPPORT**

Plaintiffs The Endeavor Group, LLC, and Adam R. Waldman filed their Complaint against Travel Guard Group, Inc. ("Travel Guard"), and John M. Noel on April 5, 2006. Promptly after becoming aware of the Complaint, the defendants notified the plaintiffs that the Complaint contains certain non-public and commercially sensitive information related to the pending acquisition of Travel Guard by another company.

Today, the parties reached a settlement in principle on mutually agreeable terms in this case. The settlement will be reduced to a written agreement soon. A material condition of the parties' settlement is that the Complaint must be sealed and removed from the Court's on-line filing systems (*e.g.*, Pacer, CM/ECF), in order to protect the defendants' interest in preserving the confidentiality of their commercially sensitive information.

Plaintiffs hereby file this agreed motion to seal the Complaint pursuant to Local Rule 5.1(j), for the reasons set forth more fully below.

1. In the Complaint, the plaintiffs allege that they were hired by the defendants to, among other things, provide professional services in connection with the possible sale of Travel Guard to another company. The plaintiff's claims against the defendants arise out of their employment by Travel Guard.

2. The allegations include certain non-public information relating to the sale of Travel Guard that Travel Guard deems to be commercially sensitive. *See* Compl. ¶ 27.

3. Travel Guard's interest in maintaining the confidentiality of non-public and commercially sensitive information constitutes a proper ground for sealing the Complaint. *See*, *e.g.*, *Nixon v. Warner Communications*, 435 U.S. 589, 598 (1978) (finding that an entity's "competitive standing" through retained confidentiality in business information is an appropriate justification for limiting access to court documents and proceedings); *New York v. Microsoft Corp.*, No. Civ.A. 98-1233 (CKK), 2002 WL 1315804, *1-2 (D. D.C. May 8, 2002) (sealing three documents and a related hearing involving the defendant's confidential business information).

4. An important component of the parties' agreement to settle this dispute is that the Complaint be sealed and removed from on-line filing systems.

5.      In addition, the parties agree that each of the six factors set out in *United States v. Hubbard*, 650 F.2d 293, 317-22 (D.C. Cir. 1980) favors sealing the Complaint in this case:

      (a)      <u>The Need for Public Access to the Complaint</u> (*Hubbard*, 650 F.2d at 317). There is no "need for public access" to the Complaint. The Complaint involves claims concerning alleged breaches of employment agreements between private parties, who have agreed as part of their settlement that the Complaint should be sealed.

      (b)      <u>Public Use of the Complaint</u> (*Hubbard*, 650 F.2d at 318). The parties are not aware of any public access to the information in the Complaint before it was filed with this Court just over a week ago.

      (c)      <u>Fact of Objection and Identity of Those Objecting to Disclosure</u> (*Hubbard*, 650 F.2d at 319). The defendants notified the plaintiffs of their objection to disclosure of the non-public information in the Complaint promptly after becoming aware of its contents.

      (d)      <u>Strength of the Generalized Property and Privacy Interests Asserted</u> (*Hubbard*, 650 F.2d at 320). The defendants have strong business and other interests in the sale of Travel Guard and in maintaining the confidentiality of commercially sensitive information relating to Travel Guard and the sale transaction. In addition, both parties have a strong interest in the settlement of this case on mutually agreeable terms, which include as a material condition that the Complaint be sealed.

      (e)      <u>Possibility of Prejudice</u> (*Hubbard*, 650 F.2d at 320-21). There is no possibility of prejudice, because the parties agree that the Complaint should be sealed, and there are no interested third parties who challenge or object to the sealing of the Complaint.

  (f) <u>The Purposes for Which the Documents Were Introduced</u> (*Hubbard*, 650 F.2d at 321).  The Complaint involves claims concerning alleged breaches of agreements between private parties, who agree as a material condition of their settlement that the Complaint should be sealed.

6. An agreed-upon proposed order is attached.

     \*  \*  \*

For the reasons stated above, this Court should order that the Complaint must be sealed and removed the Court's on-line filing systems (*e.g*., Pacer, CM/ECF).

         Respectfully submitted,

| | |
|---|---|
| /s/ Daniel W. Nelson | /s/ Benjamin G. Chew |
| Daniel W. Nelson (D.C. Bar # 433415) | Benjamin G. Chew (D.C. Bar # 418577) |
| Geoffrey M. Sigler (D.C. Bar # 478390) | Andrew Zimmitti (D.C. Bar # 464091) |
| GIBSON, DUNN & CRUTCHER LLP | PATTON BOGGS LLP |
| 1050 Connecticut Ave., N.W. | 2550 M Street, N.W. |
| Washington, D.C. 20009 | Washington, D.C. 20037 |
| Telephone: (202) 955-8500 | Telephone: (202) 457-6000 |
| Facsimile: (202) 530-9635 | Facsimile: (202) 457-6315 |
| | |
| Counsel for The Travel Guard Group, Inc. | Counsel for Plaintiffs The Endeavor Group LLC and Adam R. Waldman |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE ENDEAVOR GROUP, LLC )<br>2001 K Street, N.W., Suite 206 )<br>Washington, D.C. 20006 )<br>)<br>and )<br>)<br>ADAM R. WALDMAN )<br>5163 Tilden Street, N.W. )<br>Washington, D.C. 20016 )<br>)<br>　　　　　　Plaintiffs, )<br>)<br>　　　　v. )<br>)<br>TRAVEL GUARD GROUP, INC. )<br>1145 Clark Street )<br>Stevens Point, Wisconsin 54481 )<br>)<br>and )<br>)<br>JOHN M. NOEL )<br>3209 Channel Drive )<br>Stevens Point, Wisconsin 54481 )<br>)<br>　　　　　Defendants. ) | Case Number :1:06CV00628<br>Judge: Ellen Segal Huvelle<br>Deck Type: Contract<br>Date Stamp: 04/05/2006 |

## ORDER SEALING COMPLAINT

The Agreed Motion to Seal the Complaint is hereby GRANTED. The Clerk's Office shall seal the Complaint in this action and remove all copies of the Complaint from the Court's on-line filing systems, including Pacer and CM/ECF.

IT IS SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　The Honorable Ellen Segal Huvelle
　　　　　　　　　　　　　　　　　　　　　United States District Judge

Dated: April ___, 2006

5